NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30341 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00016-EJL-1 |
| v. | |
| SHANE MERLIN HYMAS; LAURIE KRECHELLE HYMAS, | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted July 8, 2014
Seattle, Washington

Before: ALARCÓN, TASHIMA, and MURGUIA, Circuit Judges.

Defendants Shane and Laurie Hymas pleaded guilty to one count each of bank fraud in violation of 18 U.S.C. § 1344. After a sentencing hearing at which the court heard evidence "on the issue of restitution," the district court took the issue under advisement. Over 521 days later, the district court ordered Shane and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Laurie to pay restitution in the amounts of $718,036.51 and $174,363.19, respectively. Defendants appeal that order, arguing that it should be vacated as untimely. Reviewing de novo, *United States v. Waknine*, 543 F.3d 546, 555 (9th Cir. 2008), we agree with defendants and vacate the district court's order.

The Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A(a)(1), requires the district court to impose restitution when a defendant is convicted of certain specified crimes. Although the MVRA also requires the district court to make a "final determination" of restitution within 90 days of sentencing, 18 U.S.C. § 3664(d)(5), a court that misses that 90-day deadline retains authority to order restitution so long as the court "made clear" prior to the deadline's expiration that it would do so, "leaving open (for more than 90 days) only the amount," *Dolan v. United States*, 560 U.S. 605, 608 (2010).

Here, the district court did not make clear prior to the expiration of the 90-day deadline that it intended to order restitution. At their sentencing hearing, defendants had argued that the victim banks were not "victims" as that term is defined under the MVRA. When the district court took the entire "issue of restitution" under advisement, that threshold question was therefore yet to be resolved. Thus, it could not have been clear before the district court issued its order that restitution necessarily would be imposed. That the court made one

2

reference at the sentencing hearing to the "restitution figure" as the matter pending

resolution is insufficient to compel a contrary conclusion.[1]

**RESTITUTION ORDER VACATED.**

---

[1]     Defendants' motion to supplement the record on appeal is **DENIED**. The documents that defendants seek to make part of the record on appeal are not necessary to resolve the issue this case presents.